UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDWIN TORRES and EVA I.
TORRES,

    Plaintiffs,

v.        Case No: 6:24-cv-1415-JSS-RMN

THE BANK OF NEW YORK
MELLON, ROBIN VINCE,
NATIONSTAR BANK LLC and JAY
BRAY,

    Defendants.
_____/

**ORDER**

This matter is before the court on Plaintiffs' response to the court's Order (Dkt. 4) as to subject matter jurisdiction. (Dkt. 11, 12.) After a review of its jurisdiction, the court directed Plaintiffs to submit a brief memorandum that explains how the court has subject matter jurisdiction in this case on or before August 9, 2024. (Dkt. 4 at 2.) Further, the court warned Plaintiffs that failure to establish subject jurisdiction may result in dismissal. (*Id.*) On August 13, 2024, Plaintiffs submitted their briefs pursuant to the court's Order. (Dkt. 11, 12.) For the reasons set forth below, this case is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiffs are the borrowers on a mortgage loan that was foreclosed in Florida state court after they defaulted by failing to make payments on the loan. (Dkt. 1 at 10.) According to Plaintiffs, Defendants lacked the authority to foreclose upon their mortgage and as such Plaintiffs seek to end Defendants' "wrongful foreclosure." (Dkt. 17 at 1.) Specifically, Plaintiffs filed the instant action alleging eight causes of action: (1) lack of standing to foreclose; (2) breach of agreement; (3) violation of Generally Accepted Accounting Principles (GAAP); (4) securities fraud; (5) fraud in the concealment; (6) fraud in the inducement; (7) intentional infliction of emotional distress; and (8) slander of title.[1] (Dkt. 1 at 18–30.) Plaintiffs allege that the only entity that has standing to foreclose on the mortgage loan is the original holder of the promissory note with beneficial interest—which Defendants are not. (*Id.* at 8.) Plaintiffs further allege the Defendants in this case lack lawful ownership of Plaintiffs' promissory note because the originating mortgage lender and others unlawfully sold, assigned, or transferred their ownership and security interest in the mortgage promissory note and deed of trust to Defendants. (*Id.* at 15.) Plaintiffs request monetary damages as well as the court to "Quiet Title [] the property in Plaintiffs' name." (*Id.*)

On August 22, 2024, Plaintiffs' property located at 13779 Blue Lagoon Way, Orlando, Florida 32828 was sold after the state court foreclosure action and entry of

---

[1] The court notes that Plaintiffs' ninth cause of action, declaratory relief, is not a cause of action and is instead the kind of relief they seek for their perceived harm. (Dkt. 1 at 29–30.)

final judgment. (Dkt. 1); *The Bank of N.Y. Mellon v. Torres*, Case No. 2019-CA-004545-O (Fla. 9th Cir. June 2, 2022, Aug. 23, 2024).[2] Plaintiffs are appealing the state court foreclosure action in Florida's Sixth District Court of Appeal. *Torres v. The Bank of N.Y. Mellon*, Case No. 6D2024-1542 (Fla. 6th DCA filed July 26, 2024).[3]

## APPLICABLE STANDARDS

Under the *Rooker-Feldman* doctrine, federal courts do not have jurisdiction to "exercise appellate authority 'to reverse or modify' a state court judgment," meaning that "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced" may not obtain reversal, rejection, or modification of the state-court judgment through review by the district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284–85 (2005) (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983)). The *Rooker-Feldman* doctrine applies where a claim is "inextricably intertwined" with a state court judgment such that a decision by the district court would "effectively nullify the state court judgment," or the claim could "succeed[ ] only to the extent that the state court wrongly decided the issues." *Target Media Partners v. Specialty Mktg. Corp.,* 881 F.3d 1279, 1286 (11th Cir. 2018) (citation omitted).

---

[2] The court takes judicial notice of the state court action. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (explaining that a district court may take judicial notice of public records).
[3] The court takes judicial notice of the state court appellate action. *Universal Express,* 177 F. App'x. at 53.

To determine whether the *Rooker-Feldman* doctrine applies, courts look to "the federal claim's relationship to the issues involved in the state court proceeding, instead of . . . the type of relief sought by the plaintiff." *Velardo v. Fremont Inv. & Loan*, 298 F. App'x 890, 892 (11th Cir. 2008). "The doctrine is rooted in an understanding that Congress has given only the United States Supreme Court the ability to hear an appeal from a state court decision," whereas district courts "have been given original, not appellate, jurisdiction." *Id.* at 1284 (citing 28 U.S.C. §§ 1257(a), 1331, 1332).

## ANALYSIS

The court lacks subject matter jurisdiction in this case pursuant to the *Rooker-Feldman* doctrine because Plaintiffs challenge the merits of the state court foreclosure action. Plaintiffs' claims are inextricably intertwined with the state court foreclosure action. *Target Media Partners*, 881 F.3d at 1286. *See also Kohler v. Garlets*, 578 F. App'x 862, 864 (11th Cir. 2014) (explaining that the district court properly ruled plaintiff's claim was barred by the *Rooker-Feldman* doctrine to the extent that plaintiff sought 'a determination as to the title and rights and interests' of plaintiff's foreclosed-upon property); *Figueroa v. MERSCORP, Inc.*, 477 F. App'x 558, 560–61 (11th Cir. 2012) (affirming the district court's dismissal of plaintiff's RICO claims pursuant to *Rooker-Feldman* doctrine reasoning that the claim was inextricably intertwined with the state court foreclosure action that plaintiff lost); *Parker v. Potter*, 368 F. App'x 945, 948 (11th Cir. 2010) (vacating the district court's decision granting summary judgment on plaintiff's Truth in Lending Act claim seeking rescission of a mortgage transaction that

ultimately led to plaintiff losing a state foreclosure action reasoning that the *Rooker-Feldman* doctrine barred the district court from ruling on the claim since the federal court action was inextricably intertwined with the state court action in which plaintiff lost); *Flournoy v. Gov't Nat'l Mortg. Ass'n*, 156 F. Supp. 3d 1375, 1380 (S.D. Fla. 2016) (dismissing plaintiff's claims for breach of contract and quiet title pursuant to *Rooker-Feldman* doctrine reasoning that "plaintiff's sole contention in actuality is that the state court improperly granted the foreclosure judgment, which brings her claims squarely within the ambit of the *Rooker-Feldman* doctrine"). Moreover, this court does not have the authority to reverse the state court judgment entered against Plaintiffs. *Exxon Mobil Corp.*, 544 U.S. 284–85; *D.C. Ct. App. v. Feldman*, 460 U.S. 462.

Additionally, as the court previously explained, "federal courts have an independent obligation to ensure that subject-matter jurisdiction exists to hear a case, and dismissal is warranted if a court determines that it lacks jurisdiction." *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1357 (11th Cir. 2016). Defendant Nationstar Bank LLC appears to be a limited liability company, and for purposes of subject-matter jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen," *Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Plaintiffs still failed to identify the citizenship of Nationstar Bank LLC's members. (Dkt. 4, 11, 12). As such, the court cannot conclude that jurisdiction over this matter exists.

## CONCLUSION

Accordingly, it is **ORDERED** that this action is **DISMISSED**. The Clerk is **DIRECTED** to terminate any pending motions and close this case.

**ORDERED** in Orlando, Florida, on August 29, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party